UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BLAKE WINGATE,

                Plaintiff,

  -against-

NEW YORK CITY; N.Y.P.D. OFFICES OF
113TH PCT.; PATRICK THEODORE, personally
and in capacity of office; JOHN DOE officers
on Arrest Team,

                Defendants.
----------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

08-CV-217 (ARR)

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiff, who is currently incarcerated on Rikers Island, brings this pro se action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted but, for the reasons discussed below, plaintiff's claims against defendants New York City and the 113th Precinct of the New York City Police Department ("113th Precinct") are dismissed. Plaintiff's § 1983 claims against defendant Police Officer Patrick Theodore and the John Doe defendants shall be permitted to proceed.

## BACKGROUND

Plaintiff's complaint principally alleges:

> On April 4, 2007, Police Officer Patrick Theodore beat the petitioner Blake Wingate, while the plaintiff was handcuffed behind his back and was on the floor. He then sprayed the deponent & or had another officer spray the deponent in his face with mace. Police Officer Patrick Theodore filed false reports in reference to the incident including the fact that he broke his hand punching the plaintiff in the head!
>                 *   *   *
> No John Doe officer stopped him or reported [the] assault.

(Complaint, ¶ II D).

Plaintiff alleges that he suffered various physical injuries as a result of the assault and suggests that he is currently incarcerated on account of Theodore's false reports (Id. at ¶ III). Plaintiff seeks both money damages and "to exonerate [his] criminal record and expunge charges" (Id. at ¶ V).

## *DISCUSSION*

### *A. Standard of Review*

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, when a plaintiff is proceeding pro se, a court has an obligation to construe his or her pleadings liberally. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court cannot dismiss an action sua sponte. McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004) (citing Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003)).

2

### B. *Plaintiff's Claims against the 113th Precinct and the City of New York*

As an initial matter, plaintiff cannot pursue a claim against the 113th Precinct or even the New York City Police Department. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. The 113th Precinct is a division of the New York City Police Department, which is itself an organizational subdivision of the City of New York. As such, the precinct "lacks independent legal existence and is therefore not a suable entity." See, e.g., Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New York City Police Department not a suable entity); Flemming v. New York City, No. 02 Civ. 4113 (AKH), 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (citing Dove v. Fordham Univ., 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999), and Wilson v. City of New York, 800 F.Supp. 1098, 1101 (E.D.N.Y. 1992)).

Plaintiff's complaint also names the City of New York as a defendant. A municipality can be liable under §1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of the New York City Police Department or its officers were attributable to a municipal policy or custom. Accordingly, there does not appear to be any basis for suing the City of New York.

### C. *Plaintiff's § 1983 Claims against Theodore and the John Doe Officers*

The allegations in the complaint, however, do state a § 1983 claim against defendant Theodore and one or more John Doe officers. In order to maintain a § 1983 action, a plaintiff must allege two essential elements: (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citations omitted). Here, plaintiff alleges that Theodore violated his rights by assaulting plaintiff and by filing unspecified false reports with respect to the incident. Plaintiff further alleges that one of the John Doe officers may have used excessive force by spraying mace in plaintiff's face at Theodore's behest, and that that officer or, perhaps, other John Doe officers failed to prevent Theodore from assaulting plaintiff.

While plaintiff's § 1983 claims against Theodore and the John Doe defendants shall, therefore, be permitted to proceed, this court cannot grant all of the relief plaintiff seeks. Although plaintiff is not specific with respect to the "charges" he wishes this court to "expunge," this court presumes that he is referring to pending charges stemming from Theodore's allegedly false reports. Since its 1971 decision in Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court has "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Indeed, Younger itself held only "that federal courts are not to enjoin ongoing state court criminal proceedings except in specific, narrow circumstances" not applicable here. Hansel v. Town Court for Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995). Therefore, this court cannot "exonerate" plaintiff or "expunge" his State criminal records.

4

## CONCLUSION

For the reasons stated above, plaintiff's claims against the City of New York and the 113th Precinct are dismissed. See 28 U.S.C.§ 1915A(b). No summons shall issue as to these defendants. However, plaintiff's § 1983 claims against Police Officer Partick Theodore and the John Doe officers shall proceed. The United States Marshals Service is directed to serve the summons and complaint upon defendant Theodore without prepayment of fees. A courtesy copy of the summons, complaint, and this order shall be served upon the New York City Law Department "Corporation Counsel"), and this case is referred to Magistrate Judge Lois Bloom for all pretrial proceedings.

In accordance with Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the court hereby requests that Corporation Counsel ascertain the full names of the police officers who were involved in the incident alleged by plaintiff to have taken place on April 4, 2007, at approximately 4:30 p.m. Corporation Counsel is further requested to provide the addresses where these police officers can currently be served. However, Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. Corporation Counsel is hereby requested to produce the information specified above regarding the identities and addresses of the John Doe defendants within forty-five (45) days from the date of this order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of these individuals as defendants, summons shall issue with respect to these defendants, and the court shall direct service upon them.

SO ORDERED.

/S/
ALLYNE R. ROSS
United States District Judge

Dated: January 18, 2008
Brooklyn, New York

SERVICE LIST:

    Mr. Blake Wingate
    No. 441-07-04223
    RNDC
    11-11 Hazen Street
    East Elmhurst, NY 11370